Charlotte VOGEL, et al., Plaintiffs,

v.

SCHOOL BOARD OF MONTROSE R–14 SCHOOL DISTRICT, et al., Defendants.

No. 78–0333–CV–W–1.

United States District Court, W. D. Missouri.

May 6, 1980.

John A. Sanders, Clinton, Mo., for plaintiffs.

Carl F. Sapp, Sapp, Woods & Orr, Columbia, Mo., for defendant School Board.

John Ashcroft, Atty. Gen., State of Mo., J. Kent Lowry, James R. Cumbee, Asst. Attys. Gen., Jefferson City, Mo., for defendant State Bd. of Ed.

## MEMORANDUM OPINION AND ORDER

JOHN W. OLIVER, Chief Judge.

### I.

This is an action by Robert Vogel and Charlotte Vogel, next friends of David Vogel and Jerry Vogel, against the School Board of Montrose R–14 School District, Montrose, Missouri; Norman Sapp in his capacity as President of the Montrose School Board; Max Garoutte in his capacity as Superintendent of Montrose R–14 School District; Arthur L. Mallory, Commissioner of the Department of Elementary and Secondary Education; and the Missouri State Board of Education. The plaintiffs seek declaratory and injunctive relief against defendants to prevent David Vogel and Jerry Vogel from being transferred from Montrose R–14 Elementary School to the State School for the Severely Handicapped at Passaic, Missouri.

Pursuant to the stipulation of the parties filed November 5, 1979, the following issue was severed under Rule 42(b), F.R.C.P., for separate consideration by the Court:

"Whether the plaintiffs were afforded due process of law in the evaluation and educational placement of the plaintiff children."

The parties have stipulated to all evidence pertinent to the determination of the due process issue. Neither party wishes to adduce any additional evidence on the question presented for decision.

The plaintiffs contend (1) that the Montrose School District violated plaintiffs' due process rights under 20 U.S.C. § 1415(e), 29 U.S.C. § 794, and 42 U.S.C. § 1983, by excluding them from the Montrose School District during the pendency of administrative review procedures; (2) that the State Board of Education violated the due process rights of plaintiffs under 20 U.S.C. § 1415(b)(2) and 45 C.F.R. § 121a.507 by having the administrative hearing on March 24, 1978 conducted by the State Deputy Commissioner of Education, rather than by

an impartial hearing officer; and (3) that both local and State hearings were invalid in that evidence which defendants failed to disclose to plaintiffs five days prior to the hearing was admitted in violation of 45 C.F.R. 121a.508(a)(3).

The parties have included in the stipulated record a great deal of correspondence which was exchanged beginning in the summer of 1977 among the Vogels and educational administrators at the local and State levels. Though this correspondence establishes the existence of a continuing conflict among the parties with respect to what procedures should properly have been adhered to in the evaluation and placement of David and Jerry Vogel, it is unnecessary to make, and we therefore do not make, specific findings of fact or conclusions of law with respect to events occurring in the period prior to October 5, 1977, except as is necessary to explain events subsequent to October 5, 1977.

The material factual circumstances with respect to the validity of the March 28, 1978 hearing, which is the hearing challenged herein, began on October 5, 1977. On that date the State Department of Education decided to withdraw the educational assignment of the Vogel children made on September 26, 1977 and to conduct further proceedings before making a final determination as to their appropriate educational assignment. The State was thus bound to comply with federal procedural safeguards which became effective October 1, 1977[1] in all actions taken subsequent to October 5, 1977, with respect both to substantive evaluation and to the procedures for notice and review afforded the plaintiffs.

## II.

The Court makes the following findings of fact based on the joint stipulations of fact filed by the parties November 5, 1979 and May 31, 1979:

1. The plaintiffs, Charlotte Vogel and Robert Vogel, are the parents of David Vogel and Jerry Vogel.

2. Montrose R–14 School District School Board is the official board charged with the responsibility of administering the Montrose R–14 School District.

3. At the time of the events described in the pleadings, David Vogel and Jerry Vogel resided with their parents in the Montrose R–14 School District.

4. Norman Sapp is the President of the Montrose R–14 School Board.

5. Defendant Max Garoutte was at all times mentioned in the complaint Superintendent of Schools of Montrose R–14 School District. It is admitted that Max Garoutte is no longer the Superintendent of Schools but that John Warmbrodt is the Superintendent of Schools of Montrose R–14 School District.

6. Arthur L. Mallory is the Commissioner of the Department of Elementary and Secondary Education of the State of Missouri.

7. The Missouri State Board of Education is the official board charged with supervising the administration of public schools in the State of Missouri and is directly responsible for the administration of the Passaic State School for the Severely Handicapped.

8. The Missouri State Board of Education and the Montrose R–14 School District each are the recipients of federal financial assistance.

9. All defendants were acting under color of State law in their referral of David Vogel and Jerry Vogel to the State Department of Elementary and Secondary Education and in the assignment of said children to the Passaic State School for the Severely Handicapped.

1. There can be no doubt that the provisions of federal statutes are controlling. Section 1415(a) provides that any state or local educational agency which receives assistance under Title 20, Chapter 33, Subchapter II—Assistance for Education of All Handicapped Children—"*shall* establish and maintain procedures in accordance with subsection (b) through (e) of this section." *See,* also *Campochiaro v. Califano,* No. H 78–64 (D.Conn. May 18, 1979); *Robert M., as next Friend of Renee K. v. Benton,* No. C 79–4007 (N.D.Iowa, Aug. 13, 1979).

10. David Vogel was at the time of the filing of the complaint 9 years of age and Jerry Vogel was 7 years of age. Each of said children is mentally retarded and handicapped as that term is defined by federal law.

11. David Vogel and Jerry Vogel have been enrolled at Montrose R–14 Elementary School since September, 1977.

12. On September 20, 1977, David and Jerry Vogel were tested by a State psychologist to obtain current diagnostic data for use in evaluation and placement.

13. On September 21, 1977 Mr. Garoutte referred the records of the Vogel children to the State Department of Education for placement.

14. On September 26, 1977 the Vogels were notified by letter of David and Jerry's assignment to Passaic State School for the Severely Handicapped. The letter also notified the Vogels of their right to appeal the assignment within 10 days.

15. On September 27, 1977 Mrs. Vogel objected to the assignment and to the procedures followed by the State Board and local school in making the assignment of the children to the Passaic School. Her objections were, in part, based on the failure of the school or the State to develop an individualized educational program for the children prior to placement.

16. On October 5, 1977 Mr. Hall advised Mrs. Vogel that although the federal law requiring that an Individualized Educational Program (IEP) be developed prior to an educational assignment was not effective until October 1, 1977, he would arrange a conference to develop such a program. He further advised the Vogels that the September 26, 1977 assignment was to be considered "tentative" only.

17. On December 12, 1977 an I.E.P. conference was held and an individualized program developed.

18. On December 20, 1977, Mr. Garoutte again referred Jerry and David to the State Board of Education for placement.

19. On December 21, 1977 the State Board of Education confirmed the assignment of the Vogel children to the Passaic School for the Severely Handicapped.

20. On December 22, 1977 Max Garoutte advised the Vogels by letter that David and Jerry would be excluded from Montrose Public School as of that date.

21. On December 28, 1977 official notification of the assignment of the children to the Passaic School was sent to the Vogels.

22. By letter dated December 31, 1977 the Vogels formally requested a hearing on the children's assignment.

23. On January 1, 1978, the Circuit Court of Henry County, Order No. 78–526, entered a preliminary restraining order prohibiting the exclusion of David and Jerry Vogel from Montrose School.

24. The informal administrative review of the assignment to Passaic provided for in 162.950 and 162.961(1), Mo.S.A., was waived.

25. On February 28, 1978 the first level hearing was held before a three-member review panel pursuant to sec. 162.961(2) Mo. S.A.

26. The February 28, 1978 hearing panel did not fully understand their statutory duties and accepted the view advanced by the State attorney that they had the authority only to recommend or not recommend a further review by the State Department of Education.

27. With respect to the first level administrative hearing, Section 162.961(5) Mo. S.A. provides:

After review of all evidence presented and a proper deliberation, the hearing panel shall by majority vote determine its findings, conclusions, and decision in the matter in question. The report of the hearing panel shall be forwarded immediately in writing to the parents or guardian of the child and to the president of the appropriate board of education.

28. Because the February review panel believed they could only recommend additional review, they made no final decision.

29. Instead, the review board merely recommended areas in which they felt fur-

ther review by the State Board of Education was merited, though they stated on the basis of the record developed at the hearing that (1) there was no indication why the individualized education program could not be implemented at Montrose, which would have been the least restrictive environment under State and federal law; and that (2) the local school did not appear to have given local placement a fair trial.

30. Pursuant to § 162.962 Mo.S.A. the local board of education "may review the report of the hearing panel" and, if it does not concur, "may seek review by the state board of education." The hearing panel's decision would have been final under state law if neither side appealed.[2]

31. The second administrative hearing at the State level was held on March 24, 1978, before William Wasson, Deputy Commissioner of Education.

32. Hearing officer Wasson admittedly applied state law wherever there was a conflict between procedures required pursuant to state law and those required by federal law.

33. The conclusions of the State Board of Education after the March 28, 1978 hearing were:

(a) "The testing of Jerry and David Vogel on September 20, 1977 was carried out in accordance with the provisions of § 162.945 Mo.S.A. The test results were admissible and were properly considered in determining the placement of the children." An adequate opportunity to challenge the testing results was afforded the parents at the February 28, 1978 and March 28, 1978 hearings even though they were not advised specifically of their right to a hearing when their request that the test results be removed from the children's records was denied.

(b) The referral of the Vogel children on September 21, 1977 by the local school district to the State Board of Education was made in accordance with applicable State procedures.[3]

(c) In evaluating the children prior to assignment, the state law does not require the development of an individualized educational program. Because federal law effective October 1, 1977 does require an I.E.P. prior to assignment and because the parents believed they had the right to an I.E.P., the State considered the September placement tentative only and agreed to develop an I.E.P. to confirm the assignment. All evaluative procedures connected with the assignment were in accord with State law.

34. The Vogels filed a civil action in this Court on May 18, 1978, pursuant to The Education for All Handicapped Children Act of 1975, Pl. 94–142, 20 U.S.C. § 1415(e), and The Rehabilitation Act of 1973, 29 U.S.C. § 794, challenging the assignment of their children to the Passaic School.

### III.

### Conclusions of Law

1. This Court has jurisdiction of this case pursuant to 20 U.S.C. § 1415(e) and 28 U.S.C. § 1331.

2. Whenever a conflict exists between the procedural safeguards mandated by 20 U.S.C. § 1415 and State law the applicable federal law is controlling. (20 U.S.C. § 1415(a) through § 1415(e). Cases cited in footnote 1.)

3. Section 1415 sets forth the procedural safeguards required by federal law. Section 1415(b)(1) requires that any procedures implemented by an educational unit receiving federal assistance *shall* include: (a) an opportunity for parents to examine all relevant records, (b) written prior notice whenever the agency or unit proposes or refuses to initiate or change the evaluation or educational placement of the child, and (c) an opportunity to present a complaint with respect to any matter relating to the identi-

---

**2.** The report of the review panel indicates that the Vogels would have had a favorable final decision at this level if the Board had set forth conclusions pursuant to 162.961(5) Mo.S.A.

**3.** The Board does not discuss the propriety of the referral made on December 20, 1977 which was subsequent to the development of the individualized educational program.

fication, evaluation, or placement of the child.

Section 1415(b)(2) requires that the parents have the opportunity for an impartial due process hearing whenever a complaint under § 1415(b)(1) is made. The first hearing conducted pursuant to § 1415(b)(2) may be at the local educational agency level or at the State educational agency level as determined by State law or the State educational agency. No hearing conducted pursuant to § 1415(b)(2) "shall be conducted by an employee of such agency or unit involved in the education or care of the child."

Section 1415(c) provides that if a § 1415(b) hearing is conducted at the local agency level any party aggrieved by the findings and decision rendered in the § 1415(b)(2) hearing "may appeal to the State educational agency which *shall* conduct an *impartial* review of such hearing. The officer conducting such review shall make an independent decision upon completion of such review" [emphasis added].

Section 1415(a), which enumerates the rights accorded to parties at hearings pursuant to either § 1415(b)(2) or § 1415(c), provides that the parties *shall* have "the right to written findings of fact and decisions." § 1415(d)(4).

4. The decision of the State Board of Education to classify the September 26, 1977 placement as "tentative" and to proceed with further substantive evaluations prior to determining a final educational placement of the Vogel children constituted an effective withdrawal of the tentative notice of placement made on September 26, 1977.

■ 5. The Montrose School's second referral of the Vogel children to the State Department of Education for placement on December 20, 1977 without prior notice to the parents violated the provisions of 20 U.S.C. § 1415(b)(1).[4]

6. The February 28, 1978 hearing was, under applicable federal law, a hearing pursuant to 20 U.S.C. § 1415(b)(2).

7. The February 28, 1978 hearing was defective in that the panel failed to make findings of fact and decisions to which plaintiffs were entitled pursuant to 20 U.S.C. § 1415(d)(4) and § 162.961(5), Mo. S.A.

8. At the State level review hearing on March 28, 1978, plaintiffs were entitled to an *impartial* hearing officer pursuant to 20 U.S.C. § 1415(c) and 45 C.F.R. 121a.510.[5]

4. Federal law was effective when the referral to the State was made December 20, 1977. 20 U.S.C. § 1415(b)(1) provides that state procedures *shall* include *prior* notice to the parents whenever the local unit *proposes* to initiate or change placement. 45 C.F.R. 121a.504 provides by regulation that the notice shall be a reasonable time prior to the action contemplated being taken.

5. Section 1415(c) provides:
Review of local decision by State educational agency
If the hearing required in paragraph (2) of subsection (b) of this section is conducted by a local educational agency or an intermediate educational unit, any party aggrieved by the findings and decision rendered in such a hearing may appeal to the State educational agency which shall conduct an impartial review of such hearing. The officer conducting such review shall make an independent decision upon completion of such review.
45 C.F.R. 121a.510, which is the regulation applying to impartial review at State agency level, provides in pertinent part:
Administrative appeal: impartial review

(a) If the hearing is conducted by a public agency other than the State educational agency, any party aggrieved by the findings and decision in the hearing may appeal to the State educational agency.
(b) If there is an appeal, the State educational agency shall conduct an impartial review of the hearing. The official conducting the review shall:
(1) Examine the entire hearing record;
(2) Insure that the procedures at the hearing were consistent with the requirements of due process;
(3) Seek additional evidence if necessary. If a hearing is held to receive additional evidence, the rights in § 121a.508 apply;
(4) Afford the parties an opportunity for oral or written argument, or both, at the discretion of the reviewing official;
(5) Make an independent decision on completion of the review; and
(6) Give a copy of written findings and the decision to the parties.
(c) The decision made by the reviewing official is final, unless a party brings a civil action under § 121a.512.

9. Any ambiguity in the statutory language with respect to the requirement of an impartial hearing officer at a § 1415(c) hearing is resolved by an examination of the legislative history of this section. The committee explicitly states that all review hearings pursuant to § 1415(c) as well as those pursuant to § 1415(b)(2) require, at a minimum, that the impartial individual who conducts a due process hearing may not be an employee of the State Department of Education or of any local or intermediate unit thereof.[6]

10. 20 U.S.C. § 1415(b)(2) and 45 C.F.R. 121a.507, on which both parties rely to challenge the March 28, 1978 review hearing at the State level is inapposite. Section 1415(b)(2) and its corresponding regulation, § 121a.507, apply to the first level hearing whether it is at the local or State level.

Here, those sections would apply to the hearing by the review panel on February 28, 1978.[7]

11. Defendants' argument that the State Board of Education is not an "agency or unit involved in the education or care of the child" pursuant to § 1415(b)(2) because under the Missouri State Constitution, Art. IX, sec. 2(a), the State Board is charged with "supervision of instruction," is untenable. Acceptance of the State defendants' interpretation would abrogate the intent of the statutory language in § 1415(b)(2) and 1415(c), which is to assure impartial review.

12. Deputy Commissioner Wasson was an employee of the State Board of Education and, therefore, he was not an impartial hearing officer pursuant to 20 U.S.C. § 1415(c).

---

**6.** The pertinent committee conference report states the following:

    \*    \*    \*    \*    \*    \*

(7) The provisions of existing law are clarified and strengthened with respect to impartial due process hearings and language is adopted to assure that:

    \*    \*    \*    \*    \*    \*

(b) whenever a complaint is received the parents or guardian shall be afforded an opportunity for an impartial due process hearing, which hearing shall be conducted by the local educational agency or the State educational agency. The conferees do not intend that this provision will require changes in existing arrangements where due process hearings are conducted at the level of the State educational agency rather than at the local level. The only requirement with respect to the level of which such hearings are conducted occurs when the hearing is conducted at the local level and in such cases there is a review required at the State agency level. In addition, the conferees point out that *any hearings are not conducted by the agency itself, but rather at the appropriate agency level. The hearing will be conducted by an impartial hearing officer since the State or local agency or intermediate unit will be a party to any complaint presented.*

(c) *no hearing may be conducted by an employee of the State or local educational agency involved in the education or care of the child.* The conferees have adopted this language to clarify the minimum standard of impartiality which shall apply to individuals conducting due process hearings *and individuals conducting a review of the local due process hearing;*

Senate Conference Report, *U.S.Code Congressional and Administrative News*, 94th Congress, First Session, 1975, pp. 1425, 1502. [Emphasis added].

**7.** 20 U.S.C. § 1415(b)(2) provides:

(2) Whenever a complaint has been received under paragraph (1) of this subsection, the parents or guardian shall have an opportunity for an impartial due process hearing which shall be conducted by the State educational agency or by the local educational agency or intermediate educational unit, as determined by State law or by the State educational agency. No hearing conducted pursuant to the requirements of this paragraph shall be conducted by an employee of such agency or unit involved in the education or care of the child.

45 C.F.R. section 121a.507 provides:
Impartial hearing officer.

(a) A hearing may not be conducted:

(1) By a person who is an employee of a public agency which is involved in the education or care of the child, or

(2) By any person having a personal or professional interest which would conflict with his or her objectivity in the hearing.

(b) A person who otherwise qualifies to conduct a hearing under paragraph (a) of this section is not an employee of the agency solely because he or she is paid by the agency to serve as a hearing officer.

(c) Each public agency shall keep a list of the persons who serve as hearing officers. The list must include a statement of the qualifications of each of those persons.

13. 45 C.F.R. 121a.508(a)(3) requires that plaintiffs be given five days prior notice of evidence to be introduced at a hearing on a complaint pursuant to 20 U.S.C. § 1415.[8] Plaintiffs were entitled to a statement of all evidence which would be introduced by defendants at the hearing. Because Hearing Officer Wasson believed that State law, which did not require such notice, was controlling, the plaintiffs' rights under 45 C.F.R. 121a.508(a)(3) were violated.

14. The exclusion of Jerry and David Vogel from the Montrose Public School December 22, 1977 prior to the completion of administrative review procedures violated their rights pursuant to 20 U.S.C. § 1415(e)(3).[9] This issue is moot, however, since plaintiffs were granted State court injunctive relief and the students, in fact, were never excluded.

15. For the reasons stated above, the Court concludes that the stipulated legal question presented by the parties must be answered in the negative. We find and conclude that plaintiffs were not afforded due process of law under applicable federal statutes and regulations in the evaluation and educational placement of the plaintiff children.

In accordance with the findings and conclusions herein, it is hereby

ORDERED (1) that this case should be and hereby is remanded to the State Board of Education for a new hearing to be presided over by an impartial hearing officer who shall be selected in a manner which is consistent with the federal statutory requirements and the holding herein. It is further

ORDERED (2) that plaintiff be provided by defendants with a full and complete statement of all evidence which they will adduce at the administrative hearing including lists of any witnesses who will testify and any documents which will be introduced at least five (5) days prior to the date set for the hearing.

8. 45 C.F.R. 121a.508(a)(3) provides that any party to a hearing has the right to prohibit the introduction of any evidence at the hearing that has not been disclosed to that party at least five days prior to the hearing.

9. 20 U.S.C. § 1415(e)(3) provides that during the pendency of any review proceedings pursuant to sec. 1415 the child shall remain in the then current educational placement of such child.