Jeff KOTOWICZ, et al., Plaintiffs,

v.

The MISSISSIPPI STATE BOARD OF EDUCATION, et al., Defendants.

Civ. A. No. J85–0731(B).

United States District Court,
S.D. Mississippi,
Jackson Division.

March 14, 1986.

Dennis L. Horn, Hazlehurst, Miss., Shirley Payne, Jackson, Miss., for plaintiffs.

Carolyn B. Mills, Sp. Asst. Atty. Gen., Jackson, Miss., for State Bd. of Educ.

James A. Keith, Brunini, Grantham, Grower & Hewes, Jackson, Miss., for DeSoto.

## MEMORANDUM OPINION AND ORDER

BARBOUR, District Judge.

The Court has before it the Motion of Plaintiffs, Jeff Kotowicz, a handicapped child, and James and Sylvia Kotowicz, his parents, for Partial Summary Judgment. In their Motion, Plaintiffs request this Court to remand this matter to the Mississippi Department of Education for a *de novo* review of the proper educational placement for Jeff Kotowicz. Plaintiffs also request that the *de novo* review be conducted by an impartial state administrative review team required to issue written findings of fact and conclusions of law. For the following reasons, the Court grants Plaintiffs' Motion for Partial Summary Judgment.

### FACTS

Plaintiffs claim that Defendants violated the provisions of the Education For All Handicapped Children Act of 1975, 20 U.S.C. § 1401, *et seq.* (EAHCA), the Rehabilitation Act of 1973, 29 U.S.C. § 794, *et seq.* and 42 U.S.C. § 1983 as a result of their failure to: (1) reimburse Plaintiffs for the cost of placing Jeff Kotowicz in a private school during the 1984–85 school year; (2) provide Jeff Kotowicz with a proper free appropriate education during the 1985–86 school year; and (3) convene an impartial state review team as required by the EAHCA. Plaintiffs also challenge the failure of the state review team to make specific findings of fact and conclusions of law in support of their decision as required by the EAHCA. In their present Motion, Plaintiffs challenge the composition of the state review team and their failure to make specific findings of fact and conclusions of law in support of their decision. Plaintiffs claim that, as a result of these procedural deficiencies, they are entitled to a remand to the State Educational Department for a *de novo* review before a properly convened state review team required to make specific findings of fact and conclusions of law.

Plaintiffs, dissatisfied with the individualized educational program (IEP) developed for Jeff Kotowicz, a "learning disabled" handicapped child under the EAHCA[1], sought an administrative hearing pursuant to EAHCA, 20 U.S.C. § 1415(b)(2), seeking: (1) proper educational placement for Jeff; and (2) reimbursement for tuition Plaintiffs paid to a private school attended by Jeff. After the hearing, the hearing officer determined that Plaintiffs were entitled to a reimbursement for private school tuition paid for the 1984–85 school year since the placement offered by the DeSoto County, Mississippi school system for that year was not appropriate and that the proper educational placement for Jeff during the 1985–86 school year would be in the DeSoto County school system and not the private school. In accordance with the procedures of the EAHCA, 20 U.S.C. § 1415(c), both the DeSoto County School District and the Plaintiffs appealed the hearing officer's decision to the Mississippi State Department of Education.

The state review team, composed of officers and employees of local school boards in Mississippi, affirmed in part and re-

---

1. States, like Mississippi, which receive funds under the EAHCA are required to provide a "free appropriate public education" to all handicapped, school-age children in the state. 20 U.S.C. § 1412(1). A "free appropriate public education" is defined as a program of "special education and related services which ... are provided in conformity with the individualized educational program." 20 U.S.C. § 1401(18). "Special education" is defined as "specially designed instruction at no cost to the parents or guardians, to meet the unique needs of a handicapped child."

versed in part, determining that Plaintiffs were not entitled to reimbursement for Jeff's tuition at a private school for the 1984–85 school year and that the proper educational placement for Jeff for the 1985–86 school year would be in the DeSoto County school system. Thereafter, Plaintiffs, aggrieved by the decision of the state review team, filed suit in this Court pursuant to 20 U.S.C. § 1415(e)(2).

In response to Plaintiffs' Motion for Partial Summary, Defendants argue that Plaintiffs waived any right to challenge the composition of the state review team by failing to address this issue during the administrative proceedings, citing *Colin K. v. Schmidt*, 715 F.2d 1 (1st Cir.1983) and *David D. v. Dartmouth School Committee*, 775 F.2d 411 (1st Cir.1985). Plaintiffs' response is two-fold. First, Plaintiffs contend that they were not afforded the opportunity to challenge the composition of the state review team at the administrative level because they were not aware of its composition prior to receipt of their decision. Second, Plaintiffs contend that even if the alleged bias of the state review team members were known during the administrative proceedings, their objections would have been futile because of the unavailability of any other state review team members.

The Court agrees with Plaintiffs. In *Colin K.* and *David D.*, the plaintiffs challenged the impartiality of the hearing officers—not the state review team members—and they had the opportunity to present their challenge to the impartiality of the hearing officers to the state review team. In contrast, Plaintiffs, here, were unaware of the identity of the members of the state review team prior to receipt of their decision and, thus, no effective review was available. Moreover, the unavailability of other state review team members to review the hearing officer's decision rendered their objections futile. *See, e.g., Crawford v. Pittman*, 708 F.2d 1028 (5th Cir.1983).

Plaintiffs base their challenge to the impartiality of the state review team members upon the decision of the Eleventh Circuit Court of Appeals in *Mayson v. Teague*, 749 F.2d 652 (11th Cir.1984). In *Mayson*, plaintiffs attacked the method used in Alabama for selecting EAHCA hearing officers and review team members, claiming that the use of employees of local educational systems from districts in which the child is not enrolled and of university personnel who helped formulate state policy on educating handicapped children to conduct EAHCA proceedings, violated the Act and its implementing regulations. The Act and its implementing regulations prohibit an administrative hearing from being conducted by: (1) a person who is an employee of a public agency which is involved in the education or care of the child; or (2) any person having a personal or professional interest which would conflict with his or her objectivity in the hearing. 20 U.S.C. § 1415(b)(2); 34 C.F.R. § 300.57. The Act and its implementing regulations further provide that an impartial administrative appeal shall be conducted by "the state educational agency." 20 U.S.C. § 1415(c); 34 C.F.R. § 300.510.

The district court in *Mayson* held that the selection procedure employed by the Alabama Board of Education violated the EAHCA and its implementing regulations and enjoined defendants from selecting as hearing officers[2]: (1) a superintendent of schools or assistant superintendent of schools for any county or local public school system in the state; (2) any employee of any (non-university) public school district in the state; or (3) any employee of the state university system who had participated in the formulation of state regulations and policies affecting handicapped children.

In support of its ruling, the district court found that local educational agency personnel are "very closely aligned with" and "to some extent under the direct or indirect

---

**2.** The court of appeals noted that the same selection process was used to appoint members to

the review panel. 749 F.2d at 654.

supervision of" the State Superintendent and the State Board of Education. Accordingly, the court concluded that these individuals are employees of an agency "involved in the education or care of the child" and are not impartial within the meaning of the EAHCA. Further, the court found that university personnel who have actively participated in the formulation of state educational policies affecting handicapped children do not meet the impartiality requirements of the Act.

On appeal, the defendants in *Mayson* argued, as do the Defendants here, that the lower court adopted an inappropriately expansive interpretation of the statutory phrase "involved in the education and care of the child," claiming that this phrase refers only to officers or employees of the specific school district in which the child was enrolled. The Eleventh Circuit disagreed, finding that the district court did not err in concluding that officers and employees of local school boards are employees of agencies "involved in the education or care of the child" with a professional or personal interest in the type education extended to the handicapped child and, thus, ineligible to conduct administrative proceedings under the Act.

■ Since this issue has not been presented to the Fifth Circuit, this Court adopts as persuasive the decision of the Eleventh Circuit in *Mayson*. Although this case lacks the damning evidence presented in *Mayson* of the close relationship between the county and state educational boards, we agree that local educational agency personnel are "very closely aligned with" and "to some extent under the direct or indirect supervision of" the Mississippi Board of Education. Accordingly, we adopt the holding of *Mayson* that all officers and employees of local school boards and those university personnel who have been actively involved in the formulation of state policy for the education of handicapped children are precluded from conducting administrative proceedings under the EAHCA. Therefore, Mississippi's state review team, composed of officers and employees of local school boards in Mississippi, is not an impartial panel as required by the EAHCA.

Plaintiffs next argue that the state review team failed to make specific findings of fact and conclusions of law to support their decision as required by the EAHCA. Section 1415(d) of the EAHCA provides that "[a]ny party to any hearing conducted pursuant to sub-sections (b) and (c) of this section *shall* be accorded: (4) the right to written findings of fact and decisions. ..." [Emphasis added].

■ The state review team issued a two-paragraph decision reversing in part and affirming in part the eight-page opinion of the hearing officer. The state review team's decision merely stated its conclusions without making written findings of fact to support its conclusions as required by the EAHCA. The state review team clearly violated § 1415(d)(4) by failing to make written findings of fact and decisions. *See, Vogel v. School Board of Montrose R–14 School District,* 491 F.Supp. 989 (W.D.Mo.1980).

■ Finally, Plaintiffs seek remand to the Mississippi Department of Education for a *de novo* review of the proper educational placement for Jeff before a properly convened state review team required to issue written findings of fact and conclusions of law. While the Court acknowledges the mandate contained in § 1415(e)(2) that the court shall receive the records of the administrative proceedings, shall hear additional evidence and shall grant such relief as the court determines is appropriate, the Court concludes that remand is appropriate to afford Plaintiffs a review by a properly constituted review team and to afford the review team an opportunity to make written findings of fact and decisions as required by the Act. Without the written findings of fact and decisions of the review team, this Court's task under § 1415(e)(2) would be difficult. Accordingly, the Court hereby grants Plaintiffs' Motion for Partial Summary Judgment, remanding the matter to the State Board of Education for a *de novo* review of the

proper educational placement for Jeff to be conducted by an impartial state review team selected in a manner consistent with the federal statutory requirements and the holding herein, with directions to make specific findings of fact and decisions to support their conclusion.

The Court further stays all other proceedings in this case pending resolution of the administrative review. This stay may be lifted upon motion of any party to this action. If no such motion is made within ninety (90) days of the entry of this Order, the Court will dismiss this action *sua sponte* and without notice to the parties.