**Agrippa HYMES, by his next friend and guardian ad litem, Eunice Hymes, Appellant,**

v.

**HARNETT COUNTY BOARD OF EDUCATION, Appellee.**

**No. 81–1236.**

United States Court of Appeals, Fourth Circuit.

Argued July 14, 1981.

Decided Nov. 17, 1981.

Rehearing Denied Jan. 7, 1982.

---

Louis L. Lesesne, Jr., Charlotte, N. C. (Gillespie & Lesesne; Jonathan Wallas, Chambers, Ferguson, Watt, Wallas, Adkins & Fuller, P.A., Charlotte, N. C., on brief), for appellant.

Robert H. Jones, Dunn, N. C. (Bryan, Jones & Johnson, Dunn, N. C., on brief), and Michael Smith, Chapel Hill, N. C., for appellee.

Before PHILLIPS, MURNAGHAN and ERVIN, Circuit Judges.

MURNAGHAN, Circuit Judge:

The parent of a child of elementary school age and a Board of Education faced a difficult problem, ultimately requiring resort to litigation for resolution. The child, shortly after birth had had inserted in his neck, to facilitate his breathing, a tracheostomy tube. The tube frequently required attention, while the child was at school, which the child, of tender years, could not on his own provide. The attention involved suctioning of mucus secretions from the tube.

Asked to address the problem by expanding facilities beyond what had theretofore been provided, the Board of Education, concerned about the strain on its capabilities and resources, opted instead for placement of the child in a homebound program. The litigation, designed to obtain restoration to the regular school program, followed. Remedies were sought under the Education of All Handicapped Children Act ("EAHCA"), 20 U.S.C. § 1401 *et seq.*, the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.*, and under 42 U.S.C. § 1983. Included was a claim for attorney's fees. The merits of the dispute are not before us on appeal, the Board of Education not having appealed the substantive results. Attorney's fees are the crux of the appeal.[1]

As the case developed, the Board of Education readmitted the child to the normal classroom program, pending resolution of the controversy. It did so by agreement,

---

1. Even that question is not before us in its totality. The district court allowed attorney's fees for services expended by plaintiff's counsel in establishing that the educational placement in a homebound program, accompanied by a removal from the normal classroom, without an opportunity for a hearing having been af-forded, violated due process and mandated a return to the classroom pending completion of proceedings under the EAHCA. The Board of Education took no appeal from that award. The dispute, therefore, restricts itself to claims for additional fees made · by the prevailing plaintiff.

following a hearing, but prior to decision, on a temporary restraining order application of the plaintiff.[2]

Thereafter, plaintiff, under EAHCA, won a state administrative proceeding, gaining a decision that the child was entitled to remain in the normal classroom, with the state obliged to provide suctioning of the tube. Plaintiff also obtained from the district court a declaratory judgment that the change in the child's placement without a hearing violated the EAHCA.

There are a number of givens with which we approach appellant's claims for additional attorney's fees:

1. Without giving the matter exhaustive attention, we can assume that the EAHCA does not itself provide for an allowance of attorney's fees to a prevailing party. The district judge so ruled, relying on *Hines v. Pitt County Board of Education*, 497 F.Supp. 403, 409 (E.D.N.C.1980), appeal dismissed by agreement of counsel, 80–1676 (4th Cir. 1981), and *Anderson v. Thompson*, 495 F.Supp. 1256, 1268 (E.D.Wis.1980). Neither party has advanced any argument that the district court erred in its determination.

2. Despite the absence of any provision for an award of attorney's fees in the EAHCA, nevertheless, if, under 42 U.S.C. § 1983, the EAHCA was within the term "and laws" in that remedial statute's grant of redress for "deprivation of any rights, privileges or immunities secured by the Constitution and laws," an award to the prevailing party of reasonable attorney's fees would be governed by 42 U.S.C. § 1988. *Maine v. Thiboutot*, 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980).

3. In many cases the award would be available if the statute sued under was within the § 1983 term "and laws," even where relief actually had been obtained under some other pendent non-fee claim. *Maher v. Gagne*, 448 U.S. 122, 132–33 n.15, 100 S.Ct. 2570, 2576 n.15, 65 L.Ed.2d 653 (1980).

4. However, a federal statute will not be deemed to fall within the term "and laws" in § 1983 "where the governing statute provides an exclusive remedy for violations of its terms." Justice Powell dissenting in *Maine v. Thiboutot*, 448 U.S. at 22, n.11, 100 S.Ct. at 2507, n.11.

■ 5. Where a federal statute affords "detailed and specific provisions of the law" governing the remedies available and creates "a detailed administrative and judicial process designed to provide an opportunity for nonjudicial and nonadversary resolution of claims," it does not fall within the term "and laws" in § 1983. *Accord Great American Federal Savings & Loan Association v. Novotny*, 442 U.S. 366, 372–73, 375–76, 99 S.Ct. 2345, 2349–50, 2350–51, 60 L.Ed.2d 957 (1979). *Novotny* decided that the closely analogous 42 U.S.C. § 1985(c), like § 1983 purely remedial and nonsubstantive—see *Chapman v. Houston Welfare Rights Organization*, 441 U.S. 600, 617–18, 99 S.Ct. 1905, 1915–16, 60 L.Ed.2d 508 (1979)—does not afford a remedial framework for a case seeking enforcement of or compliance with Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Title VII, it was held, established the exclusive remedy for matters arising under it.

The rationale has been extended to preclude § 1983 relief in a case asserting violation of the federal Revenue Sharing Act, 31

---

**2.** If the current educational placement at that time had remained the normal classroom program, EAHCA appears to mandate that the child should have been allowed to remain in the program pending the outcome of state or local administrative proceedings. 20 U.S.C. § 1415(e)(3). Yet the EAHCA provides no jurisdictional basis for a suit to enforce the right to remain in *statu quo* prior to completion of the administrative process. 20 U.S.C. § 1415(e)(2) limits the jurisdictional provisions of EAHCA to actions of any party aggrieved by the findings and decision in an administrative hearing conducted by the state or local educational agency. Obviously, no such findings and decision were extant at the time the reinstatement relief was sought in federal court and gained through a negotiated settlement between the parties.

Here, in fact, the child had already been removed from the normal classroom program placement. In that stance, he had, under EAHCA, even less access to any jurisdiction of the federal court.

U.S.C. §§ 1242, 1244. *Meyerson v. State of Arizona*, 507 F.Supp. 859, 864 (D.Ariz.1981).

Still, those decisions do not quite solve our problem. They take care of cases at one or the other of the extremes, those that clearly do and those that clearly do not fit the "and laws" description of § 1983. We are, however, confronted with a hybrid. In almost all respects, the detailed statutory procedures of the EAHCA, calling for administrative and judicial actions wherever a child, parent, or guardian, on the one hand, or the educational agency, on the other, considers himself, herself, or itself aggrieved, cover, and prescribe the only route to relief anticipated by Congress.[3] *Cf. Scruggs v. Campbell*, 630 F.2d 237 (4th Cir. 1980).

Yet there is a lacuna, in that no judicial relief route is provided in the EAHCA, to prevent an alteration in the educational placement of a child, pending administrative determination (and any appeal therefrom to the courts).

■ Our review satisfies us that the learned and able district judge correctly cut the Gordian Knot, when he decided that § 1988 would be available to the extent jurisdiction to obtain relief under § 1983 was available, but no more.[4] The sole § 1983 relief was the accomplishment of return to the classroom placement, pending a due process hearing. For the relief achievable through the EAHCA administrative procedures, no applicable statute calls for an award of counsel fees, and, consequently, none may be allowed. *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975).

The declaratory judgment concerned a violation of the EAHCA (as did the arguments advanced by the Board of Education that the settlement agreement returning the child to the normal classroom placement rendered pursuit of the relief moot). While a sophisticated argument can be made that jurisdictionally for a court to reach a point where it could make the declaration it would have to travel the § 1983 route, there being no declaratory judgment granting power conferred on the courts by the EAHCA, the decisive factor is that the relief was superfluous, once the settlement restoring the normal classroom educational placement was gained. Thereafter the hearings and appeals mandated by the EAHCA were assured. Whether moot or not (a matter not before us), a proceeding under § 1983 served no useful purpose, and should be ignored. The status of the declaratory judgment for purely EAHCA purposes is not an issue confronting us, since only attorney's fees engage our attention and that statute does not provide for them.

■ Judge Dupree, although he correctly ascertained the services for which, under § 1988, an attorney's fee properly could be awarded, did neglect to include any allowance for the time spent, in the district court and here on appeal, to defend the entitlement and to argue the amount. In that, he erred.[5] To that extent we remand, in order that such an additional allowance may be considered for services in the district court and here under the rules applicable to § 1988. *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402, 88 S.Ct. 964, 966,

---

3. *See* 20 U.S.C. § 1415(a) through (e).

4. The district court disallowed any award of counsel fees under the 1973 Rehabilitation Act on the grounds that, as the case progressed, no rights were litigated under that statute. The plaintiff disputes that conclusion, but, regardless of who is right, it makes no matter. 29 U.S.C. § 794 interdicts exclusion from participation in, denial of the benefits of or discrimination under any program or activity receiving federal assistance or conducted by any executive agency. The only event meeting the statutory definition was the reclassification and removal, without a hearing, from the normal classroom educational placement. We, by this opinion, affirm and expand the allowance, under 42 U.S.C. § 1988, of attorney's fees for achieving correction of the violation of 29 U.S.C. § 794. They may not be recovered twice. All other services performed by the lawyers, because of the detailed nature and resulting exclusivity of the remedy under the EAHCA, may not give rise to an award of fees since the EAHCA does not permit such a result.

5. *Young v. Kenley*, 641 F.2d 192, 195 (4th Cir. 1981).

19 L.Ed.2d 1263 (1968) (A prevailing party "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust"); *cf. Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 416–17, 98 S.Ct. 694, 697–98, 54 L.Ed.2d 648 (1978).

Furthermore, the award of counsel fees heretofore made did not articulate the twelve factors set out in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978). We, accordingly, remand that the fixing of the amount may be considered in that light.