672 F.2d 321
 3 Ed. Law Rep. 238
 John M. GRYMES and Joyce M. Grymes on their own behalf and
as parents and next friends of James Grymes, a
minor, Appellees,
v.
Kenneth C. MADDEN, individually and as Superintendent of
Public Instruction and Secretary of the State Board of
Education, the State Board of Education, Albert H. Jones,
President; Richard M. Farmer, Vice-President; Robert W.
Allen, Harry Camper, Elise Grossman, Kenneth Hilton, and
Raymond Tomasetti, members of the State Board of Education,
individually and in their official capacities, Dr. Carroll
W. Biggs, individually and as Superintendent of the New
Castle County School District, Gilbert S. Scarborough, Jr.,
President; William H. Clark, Vice-President; Mary
Divirgilio, Earl J. Reed, Jr. and James H. Sills, Jr.,
members of the New Castle County School Board, individually
and in their official capacities, the New Castle County
School Board, and the New Castle County School District,
State Board of Education, Appellants.
 No. 81-1809.
 United States Court of Appeals,
Third Circuit.
 Argued Dec. 15, 1981.
Decided Feb. 8, 1982.
 
 Brian J. Hartman (argued), Community Legal Aid Society, Inc., Wilmington, Del., for appellees.
 Roger A. Akin (argued), Deputy Atty. Gen., Dept. of Justice, Wilmington, Del., for appellants.
 Before ADAMS, GIBBONS, and GARTH, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM.
 
 
 1
 On this appeal, the Delaware State Board of Education maintains that the district court erred in awarding John and Joyce Grymes full tuition reimbursement for the education of their son, James, in a private school for learning-disabled students during the pendency of their claim under The Education for All Handicapped Children Act, 20 U.S.C. § 1401 et seq. The State Board also challenges the district court's conclusion that service by an employee of the State Department of Public Instruction as a State Level Review Officer under the Act is per se a denial of the impartial review guaranteed by 20 U.S.C. § 1415(c). We reject both contentions and affirm the judgment of the district court.
 
 
 2
 During the 1977-78 school year the local school district and the State Board, after local and state level hearings, declared James Grymes ineligible for financial assistance to attend the Beechwood School, a private educational institution. In February 1978, Mr. and Mrs. Grymes received an award of partial tuition for the cost of the public education James could have received, but pursued their administrative and judicial remedies for an award of full tuition. In a suit brought before the district court, Grymes v. Madden, --- F.Supp. ----, 3 EHLR 552:183 (D.Del.1979) (Grymes I), the trial judge awarded the Grymeses an amount equal to full tuition because the local school district had failed to sustain its burden of proof that an appropriate public program existed.
 
 
 3
 During the pendency of Grymes I and prior to the beginning of the 1978-79 school year, the local school district proposed to change James's placement to a public school in the district. The Grymeses rejected the proposal and again sought administrative relief. In the course of the administrative proceedings the local school district and the State Board withdrew all public funding for James's private school education. During 1978-79, Mr. and Mrs. Grymes paid the private school tuition for their son in order to ensure that he would continue to be enrolled. After completing the state level administrative hearings as well as appeals, the Grymeses took an appeal to the district court pursuant to 20 U.S.C. § 1415(e)(2) and (4) challenging the State Board's refusal to fund James's private placement on a full tuition basis. The district court ordered the State Board to reimburse the Grymeses for the 1978-79 school year tuition. Because James entered a public educational program in 1979, the district court concluded that no further relief was necessary.
 
 
 4
 Federal agency interpretations and existing case law provide ample support for the district court's determination that the withdrawal of funding for James's tuition violated 20 U.S.C. § 1415(e)(3), which requires the "maintenance of a current educational placement" during the pendency of any proceedings pursuant to the Section. See Bureau of Education for the Handicapped, Policy Letter of March 14, 1979, 2 EHLR 95-6. See also Monahan v. State of Nebraska, 491 F.Supp. 1074 (D.Neb.1980) aff'd. 645 F.2d 592 (8th Cir. 1981); Gargani v. The School Committee of the City of Cranston, No. 77-0612, slip op. at 7 (D.R.I.1978) aff'd without opinion 601 F.2d 571 (1st Cir. 1979). Guided by these decisions, the Bureau's interpretation of the Act, and the reasoning of the district court, --- F.Supp. ----, we agree that continued funding is required until due process proceedings and appeals have been completed.
 
 
 5
 The district court also construed the statutory term "impartial review" to preclude the use of State Board employees as review officers in proceedings such as those involved here. The district court's holding is supported by the legislative history of the Act. Impartial review, as the drafters of the Act in their conference committee report expressly stated, cannot be "conducted by an employee of the state or local educational agency involved in the education or care of the child ..." Senate Conference Report, U.S. Code of Congressional and Administrative News, 94th Congress, First Session, 1975, pp. 1425, 1502.
 
 
 6
 The district court's judgment will be affirmed.