**Russell A. MUTH, Jr. individually and on Behalf of his minor child Robert Alexander Muth**

v.

**Margaret A. SMITH, Secretary of Education of the Commonwealth of Pennsylvania, et al.**

**Civ. A. No. 84–2032.**

United States District Court, E.D. Pennsylvania.

June 2, 1986.

Matthew B. Bogin, Washington, D.C., for plaintiff.

Joanne D. Sommer, Doylestown, Pa., for Central Bucks.

Maria P. Vickers, Deputy Atty. Gen., Philadelphia, Pa., for Com.

## MEMORANDUM OPINION AND ORDER

HUYETT, District Judge.

Presently pending before me in this action, based on the Education For All Handicapped Children Act (EAHCA), 20 U.S.C. § 1401 *et seq.*, is plaintiff's motion for summary judgment. By order dated November 18, 1985, I granted plaintiff leave to file a second amended complaint to raise certain issues which prior counsel had omitted including the issue of whether Pennsylvania's administrative procedure used to determine the appropriate education for a handicapped minor, complies with the dictates of the federal EAHCA. Plaintiff has now moved for summary judgment on this issue. For the reasons which follow, I shall grant plaintiff's motion.

Section 615 of the EAHCA, 20 U.S.C. § 1415, states in pertinent part that a parent of a handicapped child shall have an opportunity for an impartial due process hearing to challenge the educational pro-

gram devised by the school district. This impartial due process hearing shall be conducted by the state educational agency, or by the local or intermediate educational agency as determined by state law. § 1415(b)(2). If the hearing is conducted by the local educational agency or an intermediate educational agency, any party may appeal the findings and decision rendered in the hearing to the state educational agency. § 1415(c). On appeal, the state educational agency shall conduct an impartial review of such hearing, and the officer conducting the review shall make an independent decision upon completion of such review. *Id.*

The regulations implementing § 1415 track the statute's language and provide certain elaborations. For instance, the initial hearing must be impartial and therefore cannot be conducted "by a person who is an employee of a public agency which is involved in the education or care of the child." 34 C.F.R. § 300.507. If the state establishes a two-tier system, *i.e.*, if the hearing is conducted by a public agency other than the state educational agency, the state educational agency may conduct an impartial review which shall include examining the entire administrative record, ensuring that the procedures at the hearing were consistent with the requirements of due process, and if appropriate, taking additional evidence.

Plaintiff in his motion for summary judgment contends that the Pennsylvania Administrative Procedure as set forth in the Pennsylvania Code and as applied in this case violates the due process requirements set forth in the EAHCA. Before examining plaintiff's contentions, however, it is necessary first to determine what the Pennsylvania Administrative Procedure is and how it was applied in this case.

The Pennsylvania Administrative Procedure is set forth in 22 Pa.Code § 13.31 *et seq.* Section 13.32(2) provides that a parent is to be notified of "the right to a full hearing before the Secretary or the designee of the Secretary." If a parent decides to request a due process hearing because

there is no agreement as to the assignment of a child, the school entity must forward the request for a hearing to the Department of Education within ten days of the receipt of the request. § 13.32(10). The hearing is then held in the school district and at a place convenient to the parent. § 13.32(11). The hearing officer is assigned by the Secretary. § 13.32(12). The decision of the hearing officer may be appealed to the Secretary of Education. § 13.32(24).

In this case, plaintiff and the Central Bucks School District personnel were unable to agree on a proposal for the appropriate placement of plaintiff's minor son, Alexander. On June 17, 1983, plaintiff requested a due process hearing to address the School District's failure to provide an "appropriate" education for Alexander. On September 30, 1983, a due process hearing was held before Hearing Officer Bernard Trent. On October 31, 1983, Mr. Trent issued his decision in which he concluded that Alexander was an extremely intelligent but severely learning disabled child who had not received an appropriate education; he further held that when developing a program for Alexander, the School District had to consider the potential to function within the gifted range and provide him with special activities and services not ordinarily provided in a regular program.

Both the School District and plaintiff appealed the Hearing Officer's decision to the Secretary of Education pursuant to 22 Pa. Code § 13.32(24). The Secretary of Education remanded the case on January 23, 1984 to the Hearing Officer with instructions to the District to present additional information in the form of a revised Individualized Educational Program (I.E.P.) reflecting certain recommendations which had been made on June 17, 1983. Mr. Trent issued his final decision on July 25, 1984 in which he stated that modifications and adjustments which the Central Bucks School District made to the March 28, 1984 I.E.P. constituted an appropriate program for special education for Alexander. On

appeal, the Secretary adopted the Hearing Officer's conclusions and dismissed plaintiff's exceptions. This action arises from plaintiff's appeal of the Secretary's final decision.

Plaintiff argues first that the Pennsylvania process violates the "finality" requirement of the EAHCA. The basis for plaintiff's position is his contention that the due process hearing, which in this case was conducted by Mr. Trent, is a state level hearing. In support of this contention, plaintiff points to 22 Pa.Code § 13.32(2) which states that due process hearings are to be conducted "by the Secretary or the designee of the Secretary." Under the Pennsylvania system, the state agency is also responsible for reviewing the hearing officer's findings and decision. However, pursuant to the EAHCA, § 1415(c), an appeal may only be taken to the state agency if the hearing is conducted initially at the local or intermediate agency level. Plaintiff argues, therefore, that because the hearing officer's decision in Pennsylvania is a state level decision, it should be final subject only to the review of the judicial system.

Plaintiff draws a parallel between the Pennsylvania process and several in other states which have been struck down as contravening federal law. In several of the cases, the findings and decisions of the hearing officers were characterized as special master reports to the Secretary of Education and therefore violated the finality rule. For instance, in *Helms v. McDaniel,* 657 F.2d 800 (5th Cir.1981), the court struck down use of a master's report at the state level when the state board of education could accept or reject the findings; this procedure failed to comply with the requirement that the decision be final unless appealed to state or federal court. Plaintiff argues that the Pennsylvania process is similar to that aspect of the Georgia system which was struck down in *Helms* in that the initial hearing is a state level hearing which is then reviewed by the Secretary. The written procedures given to parents who wish to object to the report of the hearing officer support plaintiff's contentions. They specifically state: "A hearing officer's report constitutes Findings of Fact made by the hearing officer and a list of recommended orders (recommendations) which the hearing officer believes the Secretary of Education should adopt." *See* Attachment to plaintiff's motion for summary judgment. This provision certainly suggests that the hearing officer is an agent of the Secretary of Education whose conclusions may be accepted or rejected.

Defendant Smith, in response to plaintiff's motion for summary judgment, argues that plaintiff's position with respect to the finality issue is based on two false assumptions; one, that the initial hearing is a state level hearing and two, that the hearing examiner's report is the report of a special master whose findings are not final. Defendant Smith contends that the Secretary is required by federal regulation to maintain a list of persons who shall serve as hearing officer. In support of this contention, defendant Smith points to 45 C.F.R. § 121a.507 (1979). This section of the Code of Federal Regulations has been repealed and replaced by 34 C.F.R. § 300.507(c); however, the wording has not been changed. Nevertheless, this provision does not appear to support the Secretary's position. Section 300.507(c) states:

> Each public agency shall keep a list of the persons who serve as hearing officers. This list must include a statement of the qualifications of each such person.

This section does not require the Secretary of Education to keep such a list, and nothing in the provision suggests that the public agency referred to is necessarily the state educational agency. Rather, "public agency" as used in the regulations seems to refer to whatever agency conducts the hearing under the state system; this may be the state educational agency, the intermediate educational agency or the local agency.

■ Both defendants also contend that the due process hearing is actually conducted by the local educational agency because it is scheduled by the local agency, it is

held in the local school district, and the school district has the burden of going forward at the hearing. Although this issue is close, I do not find these factors to be conclusive. The Pennsylvania Code specifically states that the parent has the right to a hearing before the Secretary or the designees of the Secretary. I am not sure what other meaning can be given to this provision other than that the initial hearing is conducted at the state level.

Even if I were to conclude that the original hearing is conducted by the local educational agency, I believe plaintiff would be entitled to summary judgment because of the procedural flaws in the appeal process, particularly as it was applied in this case. As previously outlined, under the EAHCA, an appeal may be taken from a local level hearing to the state educational agency; the state agency "shall conduct an impartial review of such hearing." Moreover, "the officer conducting such review shall make an independent decision upon completion." 20 U.S.C. § 1415(c). The corresponding regulations also provide that the state educational agency shall conduct an impartial review. 34 C.F.R. § 300.510(b). Plaintiff contends that the state level review, like the initial due process hearing, must be conducted by impartial officers who are not employees of a public agency involved in the education or care of the child. Plaintiff contends that this rule precludes the Secretary of Education from participating in the review process.

In *Grymes v. Madden*, 672 F.2d 321 (3d Cir.1982), the court held that the term "impartial review" in § 1415(c) means that review cannot be conducted by an employee of the Department of Public Instruction. In *Grymes*, the court was reviewing the Delaware administrative process under which the initial hearing was conducted by an impartial hearing officer appointed by the local educational agency. The hearing officer's ruling could be appealed to the State Board of Education; the state level review was conducted by an employee of the Department of Public Instruction. The court held that the legislative history supported the lower court's determination that

use of State Board employees as review officers contravened federal law.

The Senate Conference Report on § 1415 specifically states:

No hearing may be conducted by an employee of the State or local educational agency involved in the education or care of the child. The conferees have adopted this language to clarify the minimum standard of impartiality which shall apply to individuals conducting due process hearings and individuals conducting a review of the local due process hearing.

Senate Conference Report, 1975 U.S.Code Cong. & Ad.News, 94th Congress, First Session, pp. 1425, 1502. This language suggests that Congress was concerned that both the initial due process hearing and any subsequent review be conducted by an impartial individual.

In response, defendants contend that the Secretary of Education should not be classified as an employee of the Board because she is a high public official whose gubernatorial appointment distinguishes her from "employees" of the Board. The Secretary of Education is appointed by the Governor of the Commonwealth in accordance with the provisions of the Constitution of the Commonwealth of Pennsylvania. 71 P.S. § 67.1(d)(1). The issue, therefore, is whether an individual holding a position provided for in the Pennsylvania Constitution is an employee of the public agency which he or she heads for purposes of 34 C.F.R. § 300.507. Defendants rely on *Brandon E. v. Wisconsin Dept. of Public Instruction*, 595 F.Supp. 740, 746 (E.D. Wis.1984) in which the court held that the Superintendent of Public Instruction was a constitutional officer in the State of Wisconsin and not a school employee and therefore that the Superintendent was qualified to conduct an appeal of the due process hearing under 20 U.S.C. § 1415. Similarly, the court in *Victoria L. by Carol A. v. District School Bd.*, 741 F.2d 369, 374 (11th Cir.1984), dismissed the argument that the Florida Commissioner of Edu-

cation could not conduct a review of the hearing findings as frivolous.

A careful examination of the purpose behind the regulation that employees of the public agency involved in the education or care of the child may not conduct the state level review suggests that the court's decisions in *Brandon E.* and *Victoria L.* may have been misguided. Congress was concerned that handicapped minors and their parents be assured impartial review. To this end, they want to ensure that the individuals conducting the reviews be as free from political and fiscal pressures as possible. In the Senate Conference Report, it was specifically pointed out that: "any hearings are not conducted by the agency itself, but rather at the appropriate agency level. The hearing will be conducted by an impartial hearing officer ..." Senate Conference Report, 1975 U.S.Code Cong. & Ad. News, 94th Congress, First Session, pp. 1425, 1502. Congress made it clear that it intended this language to apply to both local level hearings and state level reviews.

■ Although the Secretary of Education may not technically be an employee of the Department of Education, I nevertheless conclude that she must be considered an employee of Pennsylvania's state educational agency for purposes of 34 C.F.R. §§ 300.510 and 300.507(a). She directly exercises both fiscal and regulatory control over the school district and as plaintiff notes, is at least as involved in the education of handicapped children as were the employees of the Delaware Department of Public Instruction in *Grymes. See also Robert M. v. Benton,* 634 F.2d 1139 (8th Cir.1980); *Vogel v. School Board of Montrose R–14 School District,* 491 F.Supp. 989, 994–95 (W.D.Mo.1980).

An additional procedural irregularity occurred in this case which plaintiff has not raised but which I believe is important considering the flaws identified in the Pennsylvania administrative process. After the initial due process hearing before Mr. Trent, both plaintiff and the School filed an appeal to the state level. On appeal, the Secretary of Education did not issue a final order; he remanded the case on January 23, 1984 to the Hearing Officer with an instruction to take additional evidence to address recommendations that had been made to revise the I.E.P. On remand, after hearing the additional evidence, Mr. Trent issued a decision in favor of defendant school district. Plaintiff again filed an appeal, and the Secretary affirmed the Hearing Officer's decision.

■ Nothing in the EAHCA or the accompanying regulations provides for the remanding of a case from the state level to the local level for the taking of additional evidence. Rather, 34 C.F.R. § 300.510(b) specifically states that the "state educational agency shall conduct an impartial review of the hearing." Subsection (3) suggests that the official conducting the state level review may want to seek additional evidence but nothing in the provision suggests that the case should be remanded for additional hearing; any additional hearings are to be conducted at the state level with the same rights accorded to parents as in the initial due process hearings. Comment 1 to 34 C.F.R. § 300.510 provides that although the state agency may rely on another state agency to conduct the review, it remains responsible for the final decision on review. This reiterates the conclusion that the state agency may not simply remand the case to the local level for additional hearings. In fact, the Secretary's action in remanding the plaintiff's case to Mr. Trent supports plaintiff's theory that the hearing officer is nothing more than a special master whose report and findings the Secretary may accept or reject.

■ Defendants contend that plaintiff's challenge to the Pennsylvania administrative process as applied in this case must fail because he failed to raise these issues during the administrative process. However, because it would probably have been futile for plaintiff to raise these claims about the manner in which the Pennsylvania process contravened federal law when he was attempting to use that process for his son's benefit, I do not believe it is

appropriate to bar plaintiff from raising these claims now.

■ Having concluded that the Pennsylvania administrative process, particularly as it was applied in plaintiff's case, contravenes federal law, the issue becomes what is the next appropriate step in this action. Plaintiff contends that given the procedural flaws I should order the payment of tuition reimbursement for the years in which his son has been at the private Landmark School and should order defendants to continue such payments in the future, *i.e.* to order that Alexander's appropriate placement is the Landmark School. In support of this position, plaintiff contends that the first decision of Hearing Officer Trent, the decision favoring plaintiff, should be given great weight; plaintiff also contends that defendants have never appealed from this first decision. However, it is my understanding that the first appeal to the Secretary was a cross appeal filed by both plaintiff and the School District.

As the court noted in *Grymes v. The State Board of Education*, No. 79–55, slip op. at 7–8 (D.Del. January 7, 1971), procedural errors in an administrative proceeding may often require the remanding of the action to the agency to take corrective action. However, the EAHCA provides for a form of judicial review which makes remand unnecessary. Pursuant to Section 1415(e)(2), the court may make an independent decision based on the administrative record and any additional evidence submitted by a party and based on the preponderance of the evidence. Moreover, in this action, I am very concerned by the excessive delays which have occurred which may have operated to plaintiff's detriment. I do not believe it is appropriate for me to order tuition reimbursement without first holding a hearing to determine whether the I.E.P. the School District had proposed would have provided plaintiff's son with an appropriate free education.

In order to put this case in the same position it would have been in if the procedural flaws had not occurred, I will treat the hearing as an appeal from Officer Trent's first decision by the School District. The School District will therefore have the burden of going forward and establishing that the I.E.P. they proposed would be appropriate. The failure of the state and the School District to comply with the procedural requirements of the EAHCA including the excessive delays will certainly be a factor for me to consider when determining what relief, if any, is appropriate.

An appropriate order follows.

### ORDER

NOW, June 2, 1986, upon consideration of plaintiff's motion for summary judgment, defendant's responses, and for the reasons stated in the accompanying memorandum, IT IS ORDERED that plaintiff's motion for summary judgment is GRANTED IN PART. Judgment is entered in favor of plaintiff and against defendants as to plaintiff's claim that the Pennsylvania administrative procedure contravenes federal law. IT IS FURTHER ORDERED that a conference shall be held in the case on June 24, 1986 at 1:30 p.m., in chambers (Room 12614), U.S. Courthouse, Phila., PA.