599 F.Supp. 975 (1985)
Brian BLAZEJEWSKI, By and Through Paul BLAZEJEWSKI and June Blazejewski, his parents and next friends; and Western New York Protection and Advocacy Office, Neighborhood Legal Services, Inc., Plaintiffs,
v.
The BOARD OF EDUCATION OF the ALLEGANY CENTRAL SCHOOL DISTRICT and Austin Leahy, Jr., as Superintendent of the Allegany Central School District, Defendants.
No. CIV-81-258C.
United States District Court, W.D. New York.
January 8, 1985.
*976 Western New York Protection and Advocacy Office for the Developmentally Disabled, Neighborhood Legal Services, Inc., Buffalo, N.Y. (James R. Sheldon, Jr., Buffalo, N.Y., of counsel), for plaintiffs.
Shane & Franz, Olean, N.Y. (David M. Franz, Olean, N.Y., of counsel), for defendants.
CURTIN, Chief Judge.

I.
This matter is before the court upon plaintiffs' motion for attorney's fees. The complaint in this case sets forth several claims based upon a variety of legal theories, including 42 U.S.C. § 1983, the Education for All Handicapped Children Act [EHA] (20 U.S.C. §§ 1401, et seq.), and section 504 of the Rehabilitation Act (29 U.S.C. § 794). Fees are sought pursuant to 42 U.S.C. § 1988.[1]
Since the last briefs were filed on this motion, the Supreme Court decided the cases of Smith v. Robinson, ___ U.S. ___, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984), and Irving Independent School District v. Tatro, ___ U.S. ___, 104 S.Ct. 3371, 82 L.Ed.2d 664 (1984). These cases relate to the availability of attorney's fees in lawsuits involving the EHA and the Rehabilitation Act. For the reasons stated below, the motion for attorney's fees is granted.

II.
There are two distinct phases to this lawsuit. The complaint filed in April 1981 charged the defendant with failing to make the "procedural safeguards" of 20 U.S.C. § 1415[2] available to the plaintiffs when the *977 Plaintiffs attempted to invoke them. Specifically, the parents of Brian Blazejewski had obtained opinions from experts who believed that Brian had a learning disability and was in need of a special education which the defendants refused to provide. See Complaint, ¶¶ 25-32; 45-56; 86-96. The plaintiffs also alleged that they had requested a hearing pursuant to 20 U.S.C. § 1415 to test the validity of the defendants' refusal to provide Brian with the program his parents and advisors thought he should have. The defendants allegedly denied this request and stated that such a hearing would be futile. Complaint, ¶¶ 92-94.
The court held a meeting with counsel on September 16, 1981. There, counsel for the defendants agreed to hold a hearing before an impartial hearing officer. See, Affidavit of David Franz, Esq., Item 24, ¶ 10(a).[3] This ended the first phase of the lawsuit.
The second phase of this lawsuit began in February of 1983. By this time, the hearing procedure which the defendants had agreed to undertake had been concluded. The result was a decision by the Commissioner of the New York State Education Department requiring the defendants to identify Brian Blazejewski as a handicapped student and provide him with special education services. The defendants did not implement this decision, and the plaintiffs filed a motion seeking an order directing the defendants to comply with the Commissioner's order. I granted plaintiffs' motion for a preliminary injunction on March 31, 1983. See Blazejewski v. Board of Education of Allegany Central School, 560 F.Supp. 701 (W.D.N.Y.1983).

III.
An award of attorney's fees for work done up to and including September 16, 1981, is clearly proper. The complaint sought relief which would have included an order compelling the defendants to hold a hearing to determine the kind of educational program Brian should have. Five months after the complaint was filed, the defendants agreed to hold such a hearing. The complaint alleged that the failure to hold the hearing was a violation of rights guaranteed by the EHA and the due process clause. The complaint set forth 28 U.S.C. § 1343(3), (4) as a jurisdictional basis. This statute is the jurisdictional basis for actions brought under 42 U.S.C. § 1983. The complaint specifically alleged a violation of plaintiffs' rights under 42 U.S.C. § 1983. Complaint, ¶ 123.
Attorney's fees may be awarded to "the prevailing party" in actions to enforce a provision of section 1983. 42 U.S.C. § 1988. It is clear from the record in this case that the plaintiffs are prevailing parties to the extent that they succeeded in getting the defendants to hold hearings concerning Brian's educational program.
To be a "prevailing party" within the meaning of section 1988, it is not necessary to win a victory after a trial. The Supreme Court has held that reaching a favorable settlement can be sufficient. Maher v. Gagne, 448 U.S. 122, 129, 100 S.Ct. 2570, 2575, 65 L.Ed.2d 653 (1980). In Maher, the Court cited with approval a Senate Report on section 1988 which said that "for purposes of the award of counsel fees, parties may be considered to have prevailed when they vindicate rights through a consent judgment or without formally obtaining relief. S.Rep. No. 94-1011, *978 p. 5, U.S.Code Cong. & Admin.News 1976, pp. 5908, 5912 (emphasis added).
It is evident that the commencement of this lawsuit brought about the defendants' decision to hold the hearings sought by the plaintiffs. Therefore, I find that the plaintiffs have prevailed.
The next inquiry is whether the victory attained by winning the concession of September 1981 was a victory earned "in an action or proceeding to enforce a provision of [section] 1983." 42 U.S.C. § 1988. I find that it was. The issue is whether this aspect of the lawsuit is actually a case cognizable under the EHA, which does not have a fee-shifting provision.
The structure and purpose of the EHA have been described in some detail by the Supreme Court (see, Smith v. Robinson, 104 S.Ct. at 3468-69; Board of Education v. Rowley, 458 U.S. 176, 180-83, 102 S.Ct. 3034, 3037-39, 73 L.Ed.2d 690 (1982)) and by the United States Court of Appeals for the Second Circuit (see, Quackenbush v. Johnson City School District, 716 F.2d 141, 145-46 (2d Cir.1983)). The Supreme Court and the Second Circuit have made it clear that plaintiffs cannot obtain attorney's fees by the pleading trick of invoking section 1983 and circumventing the intricate procedural safeguards set forth in the EHA.
The plaintiffs did not circumvent the administrative process when they initially sought relief in this court. In fact, their reason for bringing this action was that the defendants denied them access to the administrative process. Thus, the first part of this case was essentially a due process claim. A federal-state statutory network established substantive and procedural rights, and the defendant interfered with the vindication of the substantive right to a free appropriate education by denying access to the procedures established to secure that right.
Under the aforementioned circumstances, the plaintiffs could not invoke the EHA (20 U.S.C. § 1415(e)(4)) as a jurisdictional basis to commence this lawsuit. Section 1415(e)(4) is the appropriate jurisdictional basis for actions under the EHA, and it is available only to a "party aggrieved by the findings and decision" made at the conclusion of the administrative process. 20 U.S.C. § 1415(e)(2). The Second Circuit has stated that "the absence of any prescribed remedy in the EHA for deprivations occurring prior to a final administrative decision" is a gap that should be filled by section 1983. Quackenbush v. Johnson City School District, 716 F.2d at 148, citing Hymes v. Harnett County Board of Education, 664 F.2d 410 (4th Cir.1981).
This is a case in which section 1983 was properly invoked to fill the gap in the EHA. An award of attorney's fees is therefore indicated.
The Supreme Court's decision in Smith v. Robinson does not compel or suggest a contrary result. In fact, there is language in the Court's opinion which supports the result we reach here. The Court only held that

where the EHA is available to a handicapped child asserting a right to a free appropriate public education, based either on the EHA or on the Equal Protection Clause of the Fourteenth Amendment, the EHA is the exclusive avenue through which the child and his parents ... can pursue their claim.
104 S.Ct. at 3470 (emphasis added).
The EHA was not available in the present case. Further, the Court went on to state that the issue is different in a due process context. The Court noted that
while Congress apparently has determined that local and state agencies should not be burdened with attorney's fees to litigants who succeed, through procedures outlined in the EHA, in requiring those agencies to provide free schooling, there is no indication that agencies should be exempt from a fee award where plaintiffs have had to resort to judicial relief to force the agencies to provide them the process they were constitutionally due.
Id. at 3471 n. 17.
The first phase of the present case is most accurately characterized as one in *979 which the plaintiffs "had to resort to judicial relief" to force the defendants to provide the plaintiffs with "the process they were constitutionally due." Id. The plaintiffs are therefore entitled to fees for commencing this action and bringing about defendant's agreement to hold administrative hearings.

IV.
The analysis of the second phase of this lawsuit is somewhat different. It is obvious that the plaintiffs prevailed in this aspect of the case. They sought and obtained a preliminary injunction requiring the defendant to implement an administrative decision favorable to Brian Blazejewski made in January, 1983. See Blazejewski v. Board of Education of Allegany Central School, 560 F.Supp. 701. However, this aspect of the case is slightly different from Quackenbush and the scenario presented by the Supreme Court in footnote 17 of the Court's opinion in Smith v. Robinson. Those cases discussed court action to obtain due process, whereas phase two of the present case involved court action to compel compliance with an administrative decision reached after the appropriate procedures were concluded.
In my decision granting the preliminary injunction, I stated that jurisdiction was based upon 20 U.S.C. § 1415(e)(4). 560 F.Supp. at 702. In light of the Second Circuit's decision five months later in Quackenbush, that statement appears to be inaccurate.
The judicial review provided in the EHA is available to parties "aggrieved by the findings and decision" at the administrative level. 20 U.S.C. § 1415(e)(2). The plaintiffs in this case filed their motion for a preliminary injunction not because they were "aggrieved" by an administrative decision. Rather, the motion was filed because the defendants did not implement the favorable decision that was reached.
In Quackenbush, the court noted that the remedy for preventing access to procedural rights guaranteed by 20 U.S.C. § 1415 lies either in 42 U.S.C. § 1983 or in 20 U.S.C. § 1415(e)(2) by implication. 716 F.2d at 147. The court decided that the "better solution" was to permit the use of section 1983 to fill the gap left by the EHA. Id. at 148.
There is a similar gap in the EHA in situations wherein favorable administrative decisions are not implemented. It is, of course, plausible to conclude that a remedy for this violation is implied in section 1415(e)(2). The present case differs from Quackenbush, in that the administrative procedures had run their course when the motion for a preliminary injunction was filed. However, section 1415(e)(2) is part of a detailed scheme of provisions which grant both substantive and procedural rights. Congress limited relief under section 1415(e)(2) only to parties who are aggrieved at the administrative level. If Congress saw a need to extend the scope of section 1415(e)(2), it could easily have done so. Congress did not need to do so, because section 1983 is available to remedy deprivations of statutory rights. Compare, Quackenbush, 716 F.2d at 148. Thus, the second phase of this lawsuit is properly based upon 42 U.S.C. § 1983 to enforce statutory rights granted under the EHA.
The reasons given by the Supreme Court for precluding the use of section 1983 to assert equal protection claims to obtain attorney's fees via 42 U.S.C. § 1988 do not apply in the present case. The evil which the Court sought to avoid was the possibility that plaintiffs would avoid the procedures of the EHA and the local/state jurisdiction over educational placements.[4] The plaintiffs in this case engaged in no avoidance behavior of this sort. The plaintiffs sought their injunction after obtaining a favorable administrative decision, not after circumventing the administrative process.
For the foregoing reasons, I conclude that the EHA was not available to these *980 plaintiffs to secure their statutory rights. Although the EHA does not contain a fee-shifting provision, the proper basis of injunctive relief was 42 U.S.C. § 1983. Attorney fees are recoverable for such actions pursuant to 42 U.S.C. § 1988. Plaintiffs are therefore entitled to attorney's fees for obtaining injunctive relief.

V.
The plaintiffs' request for attorney's fees is limited to the time spent preparing the complaint, obtaining the preliminary injunction, and preparing the papers in support of the present motion. Plaintiffs do not request fees for hours spent pursuing administrative remedies, so the propriety of a fee award for that type of service is not at issue here. See, attorney's affidavit, Item 21, ¶¶ 7-8.
Counsel claims 30 hours for background work and drafting of the complaint. The requested hourly rate is $65.00. Thirty-five hours at $75.00 per hour is requested for work done to obtain the preliminary injunction in March of 1983. Finally, 25 hours at $75.00 is claimed for preparation of the motion for attorney's fees. Accordingly, the total amount claimed is $6,450.00.
The plaintiffs' attorneys are legal service lawyers who work for a non-profit organization. The propriety of fee awards to such attorneys is well settled. Blum v. Stenson, ___ U.S. ___, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984); N.Y.S.A.R.C. v. Carey, 711 F.2d 1136 (2d Cir.1983). The defendants do not question the amount claimed on this motion. Only the propriety of any fee award is questioned. The court has determined that fees are available for both phases of the case and does not believe the amount requested is unreasonable.

Conclusion
The motion for attorney's fees is granted. Plaintiffs' counsel shall be awarded attorney's fees in the amount of $6,450.00. Judgment shall be entered accordingly.
So ordered.
NOTES
[1] 42 U.S.C. § 1988 provides, in relevant part, as follows:

In any action or proceeding to enforce a provision of [section 1983], the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.
[2] These safeguards include the parents' right to examine records concerning their child's condition and educational placement (§ 1415(b)(1), the State educational agency's duty to give written notice of its decision to begin or change a handicapped child's placement (§ 1415(b)(1)(C)(i), the agency's duty to give written notice of a refusal to make a change in the child's program (§ 1415(b)(1)(C)(ii), the opportunity to present complaints regarding the identification or placement of the child (§ 1415(b)(1)(E)), and the right to a "due process hearing" by a local or state educational agency (§ 1415(b)(2), (c)). The decision reached at the end of the administrative process is subject to de novo judicial review in either state or federal court (§ 1415(e)(2), (4)).
[3] There are some questions as to the date and the source of the decision to hold a hearing. My order of March 31, 1983, states that I ordered the parties to exhaust administrative remedies, i.e., begin hearing procedures. The defendants say that, on March 31, 1981, it agreed, in open court, to "set up a hearing." This date must be incorrect, because the action was not commenced until April, 1981, and the docket sheet does not reflect any March, 1981, meeting. It does contain an entry for September 16, 1981.
[4] This was also the main reason for the court's decision to preclude reliance upon the Rehabilitation Act, 29 U.S.C. § 794, when the EHA is available. 104 S.Ct. at 3472-74.